**Kareem Dawud FARRAKHAN, Appellant,**

v.

**DEL MONTE SALES COMPANY, Appellee.**

No. 83-2076.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 2, 1983.

Decided Nov. 7, 1983.

No brief filed for appellant.

James C. Zalewski, Tate, Bruckner & Sykes, Lincoln, Neb., for appellee.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Kareem Dawud Farrakhan appeals from a final judgment entered in the District Court[1] for the District of Nebraska dismissing appellant's claims against Del Monte Sales Co. For the reasons discussed below, we affirm the judgment of the district court.

Appellant is an unmarried black male and an adherent of the Muslim faith. He brought an employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Del Monte Sales Co. (the company) claiming that he was not hired as a sales representative because of his race, sex, marital status, and religion. He joined pendent state claims for libel, slander, and infliction of emotional distress. These claims were tried to the court, which resolved all issues adversely to appellant.

Appellant testified at trial that he responded to the company's advertisement with the Nebraska Job Service for a sales representative. Richard Taylor, the company's sales office manager, interviewed appellant on January 11, 1979. According to appellant, Taylor harassed him during the interview with remarks derogatory of his race, sex, and religion, and stated that the company would never hire him. Taylor denied these allegations and testified that appellant spent most of the interview looking out the window and giving short, terse answers to Taylor's questions. Taylor said that he was seeking a salesperson who was outgoing and pleasant and that appellant did not display these characteristics during the interview. On this basis, Taylor rejected appellant for the job.

The district court credited Taylor's account of the interview and found that the reason appellant was not hired as a sales representative was his failure to demonstrate any of the sales personnel attributes sought by the company. *Farrakhan v. Del Monte Sales Co.,* No. CV–79–0–633 (D.Neb. July 14, 1983) (slip op. at 5–6). The court summarily rejected appellant's pendent state claims for lack of evidence. Because the district court's findings are not clearly erroneous, *see Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), we affirm on the basis of the district court's well-reasoned opinion.[2] 8th Cir.R. 14.

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska.

2. This case was decided after trial on the merits. As noted by the district court in its memorandum opinion, the relevant question at this stage of the proceedings is whether the employer intentionally discriminated against the plaintiff and not whether the plaintiff has made out a prima facie case. *Farrakhan v. Del Monte Sales Co.,* No. CV–79–0–633 (D.Neb. July 14, 1983) (slip op. at 3), *citing United States Postal Serv. Bd. of Governors v. Aikens,* —— U.S. ——, ——, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983).